IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOHN MICHAEL BRYSON                                                                                   PLAINTIFF

vs.                                          Civil No. 3:11-cv-03063

MICHAEL J. ASTRUE                                                                                    DEFENDANT
Commissioner, Social Security Administration

## ORDER

Pending now before this Court is Defendant's Motion to Dismiss. ECF No. 6.[1] Plaintiff has responded to this motion. ECF No. 8. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court finds as follows:

**1. Background:**

Defendant filed a Motion to Dismiss alleging Plaintiff's complaint was untimely filed. Defendant states the complaint was not filed within the statutory time limitation of sixty days following the Commissioner's notice to Plaintiff that his request for review was denied. According to Defendant, the Appeals Council denied Plaintiff's request for review on April 27, 2011. ECF No. 6. Defendant states Plaintiff, therefore, should have commenced his civil action on or before July 1, 2011. According to Defendant, this date includes the additional five days for receipt by mail, and two additional days to reach the next non-weekend date. The Complaint in this case was actually filed on August 2, 2011. ECF. No. 1.

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."

**2. Discussion:**

The only civil action an individual may bring on any claim arising under Title II or Title XVI of the Social Security Act is an action to review the final decision the Commissioner has made after hearing the case. An individual must commence that action within sixty days after receiving notice of the Commissioner's final decision or within such further time as allowed by the Commissioner. The Commissioner may extend the time for instituting a civil action upon a claimant's request and showing of good cause. *See* 42 U.S.C. 405(g); 20 C.F.R. § 422.210(c).

Plaintiff received notice the Appeals Council denied his request for review on April 27, 2011. ECF No. 6-1. Based on this, Plaintiff should have commenced his civil action on or before July 1, 2011. This date includes the additional five days for receipt by mail and two additional days to reach the next non-weekend date. Plaintiff filed his complaint on August 2, 2011. ECF No. 1.

According to Plaintiff's counsel, he placed the Petition and all other necessary documents relating to the instant action in the US mail on June 22, 2011, addressed to the Harrison Division of the Western District of Arkansas. ECF No. 9-1. Plaintiff states this would have allowed for the suit being filed prior to the July 1, 2011 deadline. ECF No. 9.

The Harrison Division of the Western District of Arkansas is an unstaffed courthouse. This could cause a situation of Plaintiff's petition being received prior to the July 1, 2011 deadline but not being filed until a later date. Based on this, the Court finds good cause exists for the failure of the complaint to be filed timely.[2]

**3. Conclusion:**

The Court finds good cause exists for Plaintiff's failure to timely file the complaint and

---

[2] The Court notes its public web site indicates that all mail for the Harrison Division should be sent to the Fayetteville Division of the Western District of Arkansas

Defendant's Motion to Dismiss should be denied.

**IT IS THEREFORE ORDERED** Defendant's Motion To Dismiss (ECF No. 6) is hereby **DENIED.**   Defendant is ordered to answer the complaint within thirty (30) days of the date of this Order.

**IT IS SO ORDERED** this **8th day of March 2012.**

                                               s/  Barry A. Bryant
                                               HON. BARRY A. BRYANT
                                               U.S. MAGISTRATE JUDGE